```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
DAVID ENGLISH,                      :
                                    :
        Petitioner,                 :    Civ. No. 14-2192 (NLH)
                                    :
    v.                              :    OPINION
                                    :
DAVID OWENS, et al.,                :
                                    :
        Respondents.                :
_____ :

APPEARANCES:
David English, # 290658
Camden County Correctional Facility
P.O. Box 90431
Camden, NJ 08101
    Petitioner Pro se

HILLMAN, District Judge

   Petitioner David English, a prisoner confined at the Camden County Correctional Facility in Camden, New Jersey, files this writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention.  This case was previously administratively terminated for failure to prepay the $5.00 filing fee associated with a petition filed pursuant to 28 U.S.C. § 2241, or to submit a complete application to proceed in forma pauperis. (ECF No. 5).

   In its Memorandum Opinion (ECF No. 4), the Court informed Petitioner that the filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is

presented for filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. L. Civ. R. 81.2(c).

Petitioner was granted leave to apply to reopen by either paying the filing fee or by submitting a complete application for leave to proceed in forma pauperis.  On July 10, 2014, Petitioner submitted a renewed application to proceed in forma pauperis. (ECF No. 6).  Although two ECF notifications sent by the Court to Petitioner were returned as undeliverable, (ECF Nos. 8, 9), the case was reopened for review by a judicial officer.

In reviewing the application, it appears that Petitioner completed the in forma pauperis application using the forms provided by the Clerk of the Court.  However, he failed to

submit a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification, as required by Local Civil Rule 81.2(b).

Accordingly, this matter will again be administratively terminated for failure to satisfy the filing fee requirement. Petitioner will be granted leave to apply to reopen by either paying the filing fee or submitting a complete application for leave to proceed in forma pauperis. Petitioner is again advised that any future in forma pauperis application must include a certified statement from a prison official in accordance with Local Civil Rule 81.2(b).

To the extent Petitioner asserts that institutional officials have refused to provide the certified account statement, any such assertion must be supported by an affidavit detailing the circumstances of Petitioner's request for a certified account statement and the institutional officials' refusal to comply, including the dates of such events and the names of the individuals involved.

Petitioner has also submitted a Motion to Amend his Petition. (ECF No. 10). In light of the fact that his Petition will be administratively terminated for failure to satisfy the

3

filing fee requirement, this motion shall be denied as moot. In the event Petitioner files another in forma pauperis application, he may also renew his request to amend and should include with his request a copy of the proposed amended Petition. The Court makes no decision as to whether such a request will be granted.

## CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action without prejudice.[1] Petitioner will be granted leave to apply to re-open within 30 days, by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis.

An appropriate Order will be entered.

> __s/ Noel L. Hillman_____
> NOEL L. HILLMAN
> United States District Judge

Dated: July 13, 2015
At Camden, New Jersey

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

4